2026 IL App (1st) 252583-U
No. 1-25-2583
Order filed August 7, 2026

Sixth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| WILLOW BRIDGE PROPERTY COMPANY, as agent for owner, Operating as 1407 ON MICHIGAN, | ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | No. 25 M1 711185 |
| v. | ) ) | |
| JOSHUA ROGERS and ALL UNKNOWN OCCUPANTS, | ) ) ) ) | The Honorable Philip J. Fowler, Judge, presiding. |
| Defendants-Appellants. | ) ) | |

JUSTICE HYMAN delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*: Affirming trial court order denying defendant's motion to vacate default judgment.

¶ 2     Willow Bridge Property Company obtained a default eviction order against Joshua Rogers for violating his apartment lease. Rogers moved to vacate the default, but the trial court did not rule on it. The sheriff carried out the eviction order, and Rogers filed a renewed motion to

vacate and an emergency motion to quash the eviction. The trial court denied both motions as moot and for "other reasons as stated in court."

¶ 3       Proceeding *pro se*, Rogers appeals, arguing the trial court erred by (i) failing to rule on his initial motion to vacate the default judgment, (ii) denying his renewed motion to vacate as moot, and (iii) failing to construe his *pro se* pleadings liberally. Rogers further contends the default judgment is void due to improper service of the 10-day notice properly. Willow Bridge did not submit a brief.

¶ 4       We affirm. Rogers abandoned his motion to vacate by failing to ensure the court ruled on it, and the record is insufficiently complete to find that the trial court abused its discretion in denying his renewed motion to vacate. Moreover, Willow Bridge properly served Rogers with a 10-day notice and nothing in the record supports Rogers' contention concerning his due process rights.

¶ 5                                      Background

¶ 6       Willow Bridge Property Company evicted Joshua Rogers from his apartment for violating the terms of his lease, including by allowing short-term rentals. Willow Bridge served the 10-day notice by leaving it with a person over 13 years of age at the apartment and by posting it at Rogers' residence in California**.** Willow Bridge sent a letter to Rogers' Chicago apartment notifying him of the prove-up hearing. Rogers did not appear, and the trial court entered an order of eviction by default.

¶ 7       Rogers timely moved to vacate the default judgment, which was set for a Zoom hearing. He logged into the hearing on the scheduled date, but the case was not called. Rogers asserts that a court clerk told him prove-up hearings are held in chambers and require a proposed order,

which he had not submitted. The record does not include an order addressing his motion to vacate.

¶ 8 Two months later, the Cook County Sheriff executed the eviction order. On the same day, Rogers filed an emergency motion to quash the eviction and a renewed motion to vacate the default judgment. After a hearing at which Rogers appeared, the trial court denied the motions as moot and for "other reasons as stated in Court."

¶ 9          Service of the 10-day Notice

¶ 10 Rogers contends the default judgment is void because Willow Bridge failed to properly serve him with the 10-day notice when it posted it at his home in California.

¶ 11 Section 9-211 of the Code of Civil Procedure states that "[a]ny demand may be made or notice served by delivering a written or printed, or partly written and printed, copy thereof to the tenant, or by leaving the same with some person of the age of 13 years or upwards, residing on or in possession of the premises *** and in case no one is in the actual possession of the premises, then by posting the same on the premises." 735 ILCS 5/9-211 (West 2024). The record includes an affidavit from a Willow Bridge representative stating that he served the 10-day notice on a person over 13 years old residing on the premises. This was acceptable service under the statute.

¶ 12          Motions to Vacate

¶ 13 Rogers next argues the trial court erred by not ruling on his initial motion to vacate the default judgment and denying his renewed motion as moot.

¶ 14 The party filing a motion has the responsibility to bring it to the trial court's attention and have it resolved. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509,

512 (2001). Unless there is some indication to the contrary, where no ruling has been made on a motion, we presume that the motion was waived or abandoned. *Id*. at 512–13.

¶ 15 The record indicates a Zoom hearing was scheduled but did not occur, and the court did not rule on the motion. Rogers failed to bring this matter to the court's attention or request a ruling during the two months between the hearing and the eviction. This failure to pursue the motion supports the presumption that he abandoned his request. See *Twardowski*, 321 Ill. App. 3d at 512-13. See also *Prather v. McGrady*, 261 Ill. App. 3d 880, 885 (1994) ("Unless it appears otherwise, where no ruling appears to be made on a motion, the presumption is that the motion was waived or abandoned.").

¶ 16 Regarding the trial court's denial of his renewed motion to vacate as moot, the standard of review is abuse of discretion. *Wells Fargo Bank, N.A. v. Maka*, 2017 IL App (1st) 153010 ¶12.

¶ 17 Generally, courts will not decide moot issues, render advisory opinions, or consider claims where the outcome will not change.. *In re Julie M.*, 2021 IL 125768, ¶ 21. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. Review of a moot question requires one of these exceptions: "(1) when resolution is in the public's interest, (2) where the issue is capable of repetition yet evading review, and (3) where collateral consequences to the appellant arise from the judgment." *In re V.S.*, 2025 IL 129755, ¶ 54.

¶ 18 An eviction claim determines which party is entitled to possession. *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 23.Here, the defendant was removed from the property, and possession returned to the plaintiff, so the issue of possession is moot. We cannot grant effective relief on possession. See *Circle Management LLC v. Olivier*, 378 Ill. App. 3d 601, 607 (2007). Rogers'

arguments may be addressed only if one of the three recognized exceptions applies. *In re Rob W.*, 2021 IL App (1st) 200149, ¶¶ 49-50

¶ 19    The public interest exception does not apply. Rogers' issues concern the unique facts, namely, alleged deficiencies in serving the 10-day notice and the alleged invalidity of the eviction order, are not of a public nature. See *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 12 (public-interest exception applies when (i) question presented is of public nature, (ii) authoritative determination is desirable to guide public officers in future, and (iii) question is likely to recur).

¶ 20    Similarly, the capable-of-repetition exception does not apply as there is no reasonable expectation Rogers would again face eviction on the same bases or that another court would deny his motion to vacate for the same reasons. *In re Alfred H.H.*, 233 Ill. 2d 345, 358 (2009) (capable-of-repetition exception requires: (i) challenged action too short to be fully litigated before cessation and (ii) reasonable expectation the same complainant would face same action again).

¶ 21    The collateral consequences exception may apply. "Under this exception, where collateral consequences survive the expiration or cessation of a court order and are likely to be redressed by a favorable judicial determination, appellate review is permissible." *In re Rita P.*, 2014 IL 115798, ¶ 31. Rogers contends that the eviction order could appear on credit reports and tenant screening databases, preventing future housing, and on background checks, possibly affecting employment.

¶ 22    Nevertheless, even if the collateral consequences exception applies, the judgment is affirmed. The record is insufficient to permit review Rogers' claims that the trial court abused its discretion in denying his motion to vacate the default judgment.

¶ 23　　Rogers, as appellant, bears the burden of presenting a sufficient record for this court to determine the claimed error. *Maniscalco v. Porte Brown*, 2018 IL App (1st) 180716, ¶ 30. Claims involving factual findings and legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). Failure to provide a sufficient record is construed against the appellant (*Maniscalco*, 2018 IL App (1st) 180716, ¶ 30), and we must presume that the trial court's order conformed with the law and had a sufficient factual basis (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)).

¶ 24　　At the hearing on Rogers' motion, the trial court denied it as moot and for "other reasons stated in court." Rogers did not provide a transcript or a proper substitute under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Without a record of the arguments presented and the court's "other reasons," we cannot determine whether the trial court abused its discretion.

¶ 25　　The trial court also denied Rogers' emergency motion to quash the eviction as moot and "other reasons as stated in Court." Although Rogers mentions the motion in his brief, he does not argue how the trial court erred in denying it. Thus, he has waived the issue. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (points not argued are forfeited).

¶ 26　　　　　　　　　　　　　　　　*Pro Se* Status

¶ 27　　Rogers contends the trial court erred by not treating his pleadings more leniently based on his *pro se* status. Rogers cites *Haines v. Kerner*, 404 U.S. 519, 520 (1972), which held pleadings filed by *pro se* litigants "to less stringent standards than formal pleadings drafted by lawyers" and *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001), holding that when a trial court threatens sanctions for filing motions, *pro se* litigants "must be given "considerable leeway in meeting procedural requirements." Federal procedural rules are not controlling in

state court (*Adams v. LeMaster*, 223 F.3d 1177, 1182 n. 4 (10th Cir. 2000)), so *Haines* is not controlling. And unlike in *Steinbrecher*, Rogers did not face a threat of sanctions.

¶ 28  Applicable is well-established Illinois law that parties choosing to proceed *pro se* must comply with the same rules and meet the same standards as licensed attorneys. *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009) ("*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys.").

¶ 29  Nevertheless, the Illinois Code of Judicial Conduct, Rule 2.2, Comment [4] states, "It is not a violation of this Rule for a judge to make reasonable accommodations, consistent with the law and court rules, to ensure *pro se* litigants the opportunity to have their matters fairly heard." But "reasonable accommodations" is not leniency. Rogers appeared at the hearing on his renewed motion to vacate the default judgment, and nothing in the record suggests the trial court denied him a fair opportunity to be heard.

¶ 30  Affirmed.